IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

TRIPLE P, INC, )
)
      Plaintiff, ) TC-MD 150048C
)
    v. )
)
DOUGLAS COUNTY ASSESSOR, )
)
      Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision of Dismissal, entered May 28, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule-Magistrate Division 16 C(1).

This matter is before the court on Defendant's motion to dismiss Plaintiff's appeal for lack of standing, included in its Answer, filed April 27, 2015. Plaintiff appealed the personal property taxes Defendant imposed for tax years 2012-13 and 2013-14. The property is identified in Defendant's records as Account P81215. (Ptf's Compl at 1, 2.)

Plaintiff appealed directly to this court from Defendant's Notice of Delinquent Property Taxes (Notice) mailed on December 5, 2014. (*Id*.) Plaintiff attached a copy of the December 5, 2014, billing to its Complaint. (*Id*. at 2.) That Notice reflects outstanding tax liabilities for 2012-13, 2013-14, and 2014-15. (*Id*.) Plaintiff did not appeal either of the tax years here at issue (2012-13 and 2013-14) from the annual property tax statements mailed out in 2012 and 2013. *See generally* ORS 311.250(1) (requiring the tax collector to deliver or mail a written statement of property taxes each year on or before October 25). Plaintiff states in the Complaint that the "corporation was closed 12-31-2011, licenses and corporate standing surrendered 2012. Assets

liquidated *by* 2-2012." (Ptf's Compl at 1 (emphasis added).) Plaintiff included an asset list with its Complaint that reflected considerable assets sold in January and February 2012, which was after the January 1, 2012, assessment date for the 2012-13 tax year. *See* ORS 308.007; ORS 308.210(1) (defining "assessment date" and "tax year").[1] The relevance of that information is explained below.

Although Defendant moved to dismiss the appeal for lack of standing, the issue is really a matter of jurisdiction. The court addressed the jurisdictional question with the parties during a telephone case management hearing held on May 13, 2015. Defendant, Roger Hartman, stated then that he could not find a statute giving Plaintiff standing to appeal. Plaintiff's representative, Michael Rubrecht (Rubrecht), was unaware of any laws pertaining to his right to appeal. Rubrecht acknowledged that the corporation did not file personal property tax returns for the two years at issue as required by ORS 308.290.[2] Rubrecht explained that, prior to the closure of Triple P, Inc. (Plaintiff), the business he co-owned with his former spouse, his former spouse handled the business's "paperwork," including the annual filing of personal property tax returns. Rubrecht's marriage was dissolved and his former spouse did not file the returns for 2012 or 2013. Rubrecht was unaware of the filing requirements and other matters related to the taxes on the property at issue.

Generally, the court lacks jurisdiction to consider matters that could have been appealed to the county board of property tax appeals (BOPTA). *See* ORS 305.275(3); *Gray v. Multnomah County Assessor*, TC 4810, WL 933072 (Apr 8, 2008). Plaintiff did not appeal the tax

---

[1] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

[2] That statute requires businesses owning, possessing or controlling personal property to "make a return of the property * * * to the assessor * * * on or before March 1 of any year." Rubrecht explained that he and his former spouse were co-owners of the company before it ceased doing business, and that his ex wife was the one who handled office matters, including the filing of the annual property tax statements, which she had done for several years prior to 2012.

assessment for either tax year to BOPTA in accordance with ORS 309.026 and 309.100, but instead appealed directly to this court in February 2015. Plaintiff was required to appeal the 2012-13 tax year to BOPTA by December 31, 2012. *See* ORS 309.100 (2) (2011). An appeal for the 2013-14 tax year had to have been filed with BOPTA by December 31, 2013. *See id.*

Although the court can consider appeals involving "prior tax years" in certain limited circumstances set out in subsections (1) and (3) of ORS 305.288, those circumstances are not present in this case. Subsection (1) does not apply because the property is not "a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home." ORS 305.288(1)(a). ORS 305.288(3) requires a showing of "good and sufficient cause" for failure to pursue an appeal to BOPTA, and ORS 305.288(5)(b)(B) provides that "inadvertence, oversight, [and] lack of knowledge" are excluded from the definition of good and sufficient cause. Rubrecht forthrightly admitted that the failure to petition BOPTA in 2012 or 2013 was due to his lack of knowledge of the process and other demands on his life. That explanation, while unfortunate, does not constitute good and sufficient cause under the statute.

Defendant indicated during the May 13, 2015, hearing that, based on the information Plaintiff provided to this court with the appeal: (1) Defendant will entirely eliminate the tax for the 2013-14 tax year (and the 50-percent penalty Defendant imposed under ORS 308.296(4) for Plaintiff's failure to file a personal property tax return by August 1, 2013) because the value of the property was below the assessed value threshold in ORS 308.250;[3] and (2) Defendant will reduce the tax for the 2012-13 tax year based on a reduction in the value of the property from $121,127 to $68,000, using information from Plaintiff's asset list. That reduction in tax will

---

[3] The value below which personal property is not taxed was set at $12,500 for the 2002-03 tax year under ORS 308.250(2), and is indexed annually pursuant to ORS 308.250(4).

reduce the corresponding penalty Defendant imposed under ORS 308.296(4). Plaintiff did not

dispute that $68,000 value for tax year 2012-13. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss Plaintiff's

Complaint for lack of standing is denied.

IT IS FURTHER DECIDED that Plaintiff's appeal is dismissed for lack of jurisdiction.

Dated this ____ day of June 2015.


_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular
Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR
97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final
Decision, or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 15, 2015.*